OPINION of the Court, by
Judge Logan.
This is a suit for land, depending on the following entry, to wit; “ December 21st, 1782 — Thomas Swearingen, signee of John Fleming, assignee, &c. enters 1000 acres of land on a treasury warrant, No. &c. lying on a dividing ridge between the waters of Hingston’s fork and the creek emptying into said fork, on the north side thereof, just above the upper salt spring trace; to begin at two betty wood trees, one marked I. F. anil the other marked T. S. and a buckeye marked Y. standing on the east side of a smalLpond, not far from the bead'of a drain of abranch where John Fleming had a cabin made in 1776; from thence east 400 poles, and thence southwardly ⅛ *362 forrn a square figure as nearly as the vacancy will ad- *° include the quantity.”
The appellants were complainants below, am} derive their right under this éntry. The several objects called for in the entry, are shown and proved to have existed When the entry was made. But the notoriety of the cabin referred to, or of the pond, or marked trees, is not pretended as sufficiently proven to have led directly to the place intended, or into the neighborhood thereof. It is, then, upon the description given through the dividing ridge, that this entry must be sustained, if it can be sustained at all. The ridge itself, we think, is sufficiently described as situated between Kingston and that creek Which empties into it on the north side just above the upper salt spring trace. This ridge is shown to be about eight miles long, and proved to have been supposed considerably longer about the period of making this entry. It is narrow, but has many spurs having equally the appearance of the main ridge for some distance, and was thickly covered with heavy cane. Besides, the pond in question is near the head branches of one of those! creeks, and is more properly on the dividing ground between Kingston and Flat creek, a distinct water course, because a drain leading from the pond on the east side runs into Flat creek, though the pond is near the intersection or point at which those ridges meet: and, moreover, other ponds are shown, but further towards the termination of the ridge, though more in the general course thereof.
These form the material facts of the case; and whether this description is good in law, is the question for the determination of the court.
The principal ground taken in argument was, that from the length and situation of the ridge, the description was special and precise ; and that a subsequent locator might on using reasonable diligence have ascertained from the ridge the pond and marked trees called for in the entry. For no aid can be derived from the call for the cabin. It was too obscure to conduct the inquirer into the vicinity of the pond. The description of the ridge was more properly calculated to attract attention and beget inquiry towards the remote end thereof1 from the pond and the other more special and locative calls. From reading tiña entry a subsequent locator *363 inight well have expected that the pond intended was situated towards that part of the ridge where the description commenced. There is no expression calculated to induce a contrary expectation, or to repel the presumption which the junction of the two creeks was likely to create. But who could have given satisfactory information that no such pond was to be found in the neighborhood thereof ? Such a pond might have existed unknown to the generality of those conversant in that part of the country. All reasonable search might have been exhausted again and again in wandering through the cane upon the ridge arid intersection of other high ground, within the limits of a few miles, and still a small pond have escaped discovery ; so that the inquirer, with all reasonable assistance, would more probably have desisted in hunting for and following the main ridge; and again examined in vain for the pond within the limits of a country he had passed, from an expectation that it was more probably behind, than that it lay farther towards the remote termination of the ridge. We concur, therefore, with the circuit court, that the entry ought not to be sustained.
The decree must be affirmed with costs.